U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR - 8 2013

CLERK, U.S. DISTRICT COURT
By_____
                Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| REGINA K. MURRY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:12-CV-744-A |
| | § | |
| GENERAL SERVICES | § | |
| ADMINISTRATION, DAN | § | |
| TANGHERLINI, ADMINISTRATOR, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendant, General Services Administration, Dan Tangherlini, Administrator, to dismiss the complaint of plaintiff, Regina K. Murry, under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, on the ground of res judicata. Having considered the motion and supporting brief and appendix, plaintiff's response, defendant's reply, and applicable legal authorities, the court has concluded that the motion should be granted, and that plaintiff's claims against defendant should be dismissed with prejudice.

I.

## Grounds of the Motion

The bases for dismissing the complaint on the ground of <u>res
judicata</u> ground are the rulings made by this court against
plaintiff in favor of defendant in an order granting summary
judgment to defendant and dismissing all of plaintiff's claims
against defendant, and a final judgment, entered on February 24,
2012 in Case No. 4:10-CV-400-Y ("<u>Murry I</u>").  Defendant argues
that the claims and causes of action plaintiff asserts in this
lawsuit arise from the same nucleus of operative facts as <u>Murry
I</u>, and could have been brought in <u>Murry I</u>, and, therefore,
plaintiff is barred from pursuing them in this lawsuit.

II.

## Background and Facts

Plaintiff is a former employee of the General Services
Administration ("GSA"), and suffers from post-traumatic stress
disorder, agoraphobia, depression, and panic and anxiety
disorders.  Plaintiff brought both of her lawsuits "pursuant to
the Rehabilitation Act of 1973 as amended, 29 C.F.R. § 1614.203,
29 U.S.C. § 791(g) and 42 U.S.C. Section 12112, et seq. (The
"ADA"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C.
Section 1981(a), and Title VII of the Civil Rights Act of 1964 as
amended, 42 U.S.C. Section 2000e-2, 3(a)."  Compl. at 1-2, ¶ 1;

No. 4:10-CV-400-Y, Compl. at 1, ¶ 1.  In Murry I, plaintiff
alleged causes of action for (1) disability discrimination for
failure to make reasonable accommodations or to reassign her to
another position; (2) unlawful retaliation for changing her work
schedule; and (3) unlawful harassment due to a hostile work
environment based on the conduct of her supervisors.  In the
current lawsuit, plaintiff alleges causes of action under a
single heading, "Disability Discrimination - Failure to
Accommodate," and apparently asserts claims for (1) supervisors
changing her work schedule; (2) a supervisor's denial of her
request for a temporary part-time work schedule under the Family
Medical Leave Act; and (3) a supervisor's action in contacting
plaintiff's physician.

During the time period alleged in both lawsuits, plaintiff
worked as a supply technician in a cubicle inside a warehouse,
which was infested with rodents.  During her employment,
defendant changed plaintiff's work schedule, giving her less
flexibility.  Plaintiff complained about the schedule, and also
complained about a supervisor monitoring her work and allowing a
co-worker to sit in her office in order to train her.  She
apparently had an adversarial relationship with her supervisors,
and made several requests to be reassigned due to the rodents and
to her poor relationship with supervisors from approximately

3

March 2000 through July 2003.  She then requested to be able to work from home.  Defendant did not reassign her, and did not permit her to work from home, stating that there were no open GS-5 positions other than plaintiff's, and that plaintiff could not work from home because the nature of the job required her to be present at the warehouse.  Plaintiff filed her complaint in <u>Murry I</u> against defendant on June 7, 2010, and the complaint centered around her allegations that defendant maintained a hostile work environment and denied her requests for reasonable accommodations related to her disabilities, such as constructing a new wall in her office to limit rodent contact, reassigning her, or allowing her to change her work schedule.

Plaintiff's complaint in the current lawsuit also involves her employment at the NFPC warehouse from 2000 to 2003 and her relationships with supervisors, and centers around allegations that a supervisor cancelled or modified her flexible work schedule in 2002 and 2003, denied her request for a temporary part-time work schedule in 2003, and contacted her doctor without her permission at some point during this time period.

Plaintiff had filed multiple claims against GSA with the Equal Employment Opportunity Commission ("EEOC") related to her employment from 2000-03, and the EEOC originally consolidated all of the claims.  Plaintiff requested that the administrative law

judge ("ALJ") segregate the claims because she was having difficulty managing all claims at once, and one claim was the "most significant" and "would eliminate confusions." Def.'s App. at 18. The ALJ subsequently segregated the "most significant" claim and dismissed the remaining claims without prejudice on August 22, 2007. A final agency decision on the segregated claim was issued, finding no discrimination, and the decision was upheld on administrative appeal.

Plaintiff reinstated the remaining claims, and on July 2, 2009, she requested a decision on those claims without a hearing. A final agency decision on those claims was issued on September 10, 2009, and concluded that defendant had not engaged in disability discrimination, reprisal, or harassment, and had not subjected plaintiff to a hostile work environment. The September 10, 2009 decision informed plaintiff that she could appeal the decision to the district court within 90 days of the decision, or she could appeal to the EEOC within 30 days. If she chose to appeal to the EEOC, she still had the right to appeal to the district court either within 90 days of the EEOC's decision on appeal or within 180 days of the filing of the appeal if the EEOC had not made a decision at that point. Plaintiff chose not to appeal the September 10, 2009 decision to the district court at that time, but instead appealed to the EEOC, which affirmed the

5

final agency decision on July 20, 2012.

III.

Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. See Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss, the facts pleaded

6

must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 679. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings. See Kan. Reinsurance Co. v. Mortg. Corp. of Tex., 20 F.3d 1362, 1366 (5th Cir. 1994). In ruling on such a motion, "[t]he court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken." United States ex rel. Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 379 (5th Cir. 2003), and "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record," Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Dismissal is proper when a plaintiff's complaint conclusively establishes the affirmative defense of res judicata, when both actions were brought in the same district. Carbonell v. La. Dep't of Health &

Human Res., 772 F.2d 185, 189 (5th Cir. 1985).

B.   Applying the Standards to Plaintiff's Complaint

Proceeding on the basis of plaintiff's complaint, and the record from Murry I, the court concludes that plaintiff's current lawsuit is barred by principles of res judicata, and that plaintiff's claims should be dismissed.  Under Fifth Circuit law, "res judicata is the 'venerable legal canon' that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits.  Procter & Gamble Co. v. Amway Corp., 376 F.3d 496, 499 (5th Cir. 2004) (quoting United States v. Shanbaum, 10 F.3d 305, 310 (5th Cir. 1994).  The doctrine precludes the relitigation of claims which have been fully adjudicated or arise from the same subject matter, and that could have been litigated in the prior action.  Nilsen v. City of Moss Point, 701 F.2d 556, 561 (5th Cir. 1983).  Under res judicata, a prior judgment bars a subsequent judgment when (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.  Test Masters Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

The parties do not dispute the first three elements: the

8

parties are identical; the first judgment was rendered by this court, which is a court of competent jurisdiction; and the prior lawsuit was concluded by a final judgment on the merits entered by the court on February 24, 2012. The parties, however, dispute the fourth element, whether the same claim or cause of action is involved in both lawsuits.

In determining whether the same claims or causes of action are brought, the Fifth Circuit has adopted the transactional test, in which all claims arising from a "common nucleus of operative facts," and could have been brought in the first lawsuit, are barred by res judicata. Procter & Gamble, 376 F.3d at 499. In Nilsen v. City of Moss Point, Miss., 701 F.2d 556, 560 (5th Cir. 1983), the court explained:

> [I]t is black-letter law that res judicata, by contrast to narrower doctrines of issue preclusion, bars all claims that were or could have been advanced in support of the cause of action on the occasion of its former adjudication . . . not merely those that were adjudicated. And it is equally settled that one who has a choice of more than one remedy for a given wrong, as [plaintiff] did here, may not assert them serially, in successive actions, but must advance all at once on pain of bar.

Id. (determining that doctrine of res judicata barred 42 U.S.C. § 1983 lawsuit when Title VII lawsuit between the same parties had been adjudicated on the merits by a court of competent jurisdiction, based on same nucleus of facts) (emphasis in

original) (internal citation omitted).  <u>See</u> <u>also</u> <u>Matter of Howe</u>,
913 F.2d 1138, 1144 (5th Cir. 1990) ("[T]he critical issue is not
the relief requested or the theory asserted but whether plaintiff
bases the two actions on the same nucleus of operative facts.");
<u>Petro-Hunt, LLC v. United States</u>, 365 F.3d 385, 395-96 (5th Cir.
2004) (prior judgment's preclusive effect extends to all rights
of plaintiff "with respect to all or any part of the transaction,
or series of transactions, out of which the [original] action
arose.").

In the context of discrimination, claims that "originate
from the same continuing course of allegedly discriminatory
conduct" are barred by <u>res judicata</u>.  <u>Davis v. Dall. Area Rapid</u>
<u>Transit</u>, 383 F.3d 309, 314 (5th Cir. 2004).  In <u>Davis</u>, two
employees accused their employer and their supervisor of
discrimination and retaliation based on conduct that occurred
from November 1998 to February 2001.  <u>Id.</u> at 313.  They alleged
that they were wrongly refused medical leave and wrongly denied
promotions.  <u>Id.</u>  The lawsuit was dismissed, and the employees
subsequently filed another lawsuit, asserting claims for
discrimination and retaliation based on conduct occurring between
March and November 2001.  <u>Id.</u> at 314.  The alleged wrongful

10

conduct alleged specific facts that were different from the
allegations of the first lawsuit.  Id.

In concluding that the claims arose from the same nucleus of
operative facts, the Davis court stated:

> Under the transactional test's pragmatic considerations,
> the barred claims in [the second lawsuit] and the wrongs
> alleged in [the first lawsuit] constitute a series of
> connected transactions and are the same claim.  While
> factual allegations articulated in the two complaints
> differ, all of the claims in question originate from
> the same continuing course of allegedly discriminatory
> conduct.

Id.  The court further determined that the claims in both
lawsuits were "so connected in time and space," that all the
conduct alleged in the second lawsuit occurred before the first
lawsuit was filed, and, therefore, all of the claims could have
and should have been brought in the first lawsuit.  Id.

The facts and circumstances of this lawsuit are extremely
similar to those of Davis.  Plaintiff alleges disability
discrimination in both of her lawsuits based on actions of her
supervisors during her employment at NFPC from March 2000 to July
2003.  In both lawsuits, she cites the supervisors' refusal to
accommodate her requests in light of her disabilities,
supervisors' allegedly harassing behavior, and various other
actions by such supervisors, all related to her disabilities and

11

all during the same time period and at the same job and location.
While some of the specific factual allegations differ, all of the
conduct alleged stems from the same ongoing course of conduct,
and is part of the same series of transactions between plaintiff
and defendant.

Defendant adds that plaintiff seeks a remedy for the same
wrong in both cases, to be free from disability discrimination,
harassment, and retaliation, further showing that plaintiff's
claims in both cases are part of the same nucleus of operative
facts. Mot. at 15-16. See Miller v. U.S. Postal Serv., 825 F.2d
62, 64 (5th Cir. 1987) (determining that plaintiff's claims were
barred by res judicata principles when plaintiff "sought to
remedy the same wrong" as he did in a prior lawsuit, and
"present[ed] a claim that is governed by the same remedies,
procedures, and rights" as the claim in the prior lawsuit).

Plaintiff does not strongly contest the argument that the
claims are related, but mentions only that the supervisors in the
two lawsuits are different individuals, and that different time
periods are involved. Neither of those contentions has merit, as
plaintiff specifically cites the same time period in both
lawsuits, and refers to multiple supervisors in both lawsuits.
See Davis, 383 F.3d at 314 (claims based on conduct alleged
before filing first lawsuit were precluded, even though conduct

12

was "different" from conduct previously alleged). Further, as discussed below, all of plaintiff's claims could have been brought in the same lawsuit.

Having determined that the claims in both of plaintiff's lawsuits stem from the same series of transactions, the court now considers whether the claims could have been brought in <u>Murry I</u>, and concludes that all of her claims could have, and should have, been brought in <u>Murry I</u>. All conduct alleged by plaintiff occurred between 2000 and 2003, and plaintiff had the right to bring the claims as early as September 10, 2009, when she received the final agency decision. Plaintiff elected to go through the administrative appeal process rather than appeal to the district court at that time, and so she was required to wait for an EEOC decision or the expiration of 180 days, whichever occurred first, before regaining the right to appeal to the district court. See <u>Martinez v. Dep't of U.S. Army</u>, 317 F.3d 511, 513 (5th Cir. 2003) (explaining that a plaintiff who appeals to the EEOC must await a decision by that office, or 180 days, whichever comes first, before filing in federal court). Calculating from the September 10, 2009 decision, plaintiff's final day to appeal to the EEOC would have been October 10, 2009, and 180 days after October 10, 2009 was April 8, 2010. Thus, plaintiff could have brought all of her claims in one lawsuit in

the district court on April 8, 2010, approximately two months
before she filed Murry I. Also, plaintiff amended her complaint
in Murry I on October 13, 2011, and could have asserted the
remaining claims at that time. Finally, plaintiff could have
requested a stay in Murry I until the final administrative appeal
was issued in plaintiff's second set of claims. See Davis, 383
F.3d at 316 ("To prevent their claims from being precluded,
appellants could have requested a stay" in their prior lawsuit,
until the administrative proceedings were concluded and they
could bring all claims at once.).

Plaintiff argues that (1) because the claims were segregated
by the ALJ, she should be permitted to segregate them in this
court; and (2) defendant waived its res judicata defense because
it knew during Murry I that plaintiff still had claims that were
going through the administrative process.

First, simply because plaintiff was allowed to segregate her
claims and have them heard successively in the administrative
process does not mean she can do so in the federal courts. The
administrative process and federal litigation process each have
different purposes and different rules. The administrative
process is designed to "achieve non-judicial resolution of
employment discrimination claims." Pacheco v. Mineta, 448 F.3d
783, 788-89 (5th Cir. 2006). The judicial process in district

court is quite different, and this court is bound by principles
of claim preclusion.  If the elements of res judicata are met,
then the claim is precluded.  Plaintiff appears to be asking for
special treatment in the litigation process because of her
disability, as she requests that the court allow her to continue
her claims as a "reasonable accommodation."  Resp. at 4-5.
However, a reasonable accommodation, as pointed out by defendant,
is a term of art that describes statutory obligations of an
employer to a disabled employee, and is not relevant in the
context of litigation and res judicata.  The court cannot simply
give plaintiff a free pass to ignore the rules and binding
precedent because she was allowed to bring her claims separately
in the administrative process.

Next, plaintiff contends that defendant waived its res
judicata defense by failing to appeal or object to the ALJ's
decision to allow plaintiff to segregate her claims during the
administrative process.  When a plaintiff has filed two
concurrent lawsuits and maintains the two lawsuits separately,
and a defendant does not object to the claims being split, then
the defendant is considered to have acquiesced to the claim
splitting.  In Re Super Van, Inc., 92 F.3d 366, 371 (5th Cir.
1996) (citing Restatement (Second) Judgments § 26(a)(1)).
However, this rule does not extend to lawsuits that have been

15

filed successively.  See Superior Offshore Int'l, Inc. v. Schaefer, No. H-11-3130, 2011 WL 5597355, at *3 (S.D. Tex. Nov. 17, 2011) ("In no reported case in the Fifth Circuit has Restatement Section 26(a)(1) been applied to allow successive, rather than concurrent, lawsuits where the first is dismissed with prejudice."); Thanedar v. Time Warner, Inc., 352 F. App'x 891, 899-900 (5th Cir. 2009) (Defendants' participation in administrative proceedings for a claim that was eventually barred by res judicata did not mean that defendants acquiesced in the splitting of claims).  The type of piecemeal litigation plaintiff is attempting to pursue undermines the finality and conclusiveness of judgments, and is exactly the type of litigation res judicata seeks to prevent.  Nevada v. United States, 463 U.S. 110, 129-30 (1983).

### IV.

### Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action

asserted in the above-captioned action by plaintiffs against

defendants, be, and are hereby, dismissed with prejudice.

SIGNED April 8, 2013.

JOHN McBRYDE
United States District Judge